## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF SUFFOLK, MARCH TERM, 1805, AT BOSTON.

———◆———

## PHILLIPS PAYSON, Administrator, *versus* ASA PAYSON AND ANOTHER.

An action pending against a bankrupt, at *the time* he obtained his certificate, for a demand which was or might have been proved under the commission, cannot *afterwards* be prosecuted to judgment, except in the *two* instances mentioned in the statute. Bail of a bankrupt are discharged, if not *fixed* previous to the certificate.

ASSUMPSIT on a promissory note for the sum of 1600 dollars, bearing date the 20th of June, 1800, payable on demand, with interest, made by the defendants to the plaintiff's intestate.

The case was submitted to the determination of the Court upon the following state of facts, *viz.* :—That the defendants made the note described in the plaintiff's declaration; that they afterwards committed an act of bankruptcy, had a commission of bankruptcy awarded against them, having complied with the requisitions of the law in such case made and provided, and have obtained a certificate of discharge. The two ships, which were the property of the defendants at the time of suing out the plaintiff's writ, were attached by virtue of said writ for security to satisfy the judgment which the plaintiff might recover in this action, as by the return on said writ appears. That the officer who attached said ships as aforesaid permitted them to return into the possession of the defendants,

214

taking an obligation in writing from two responsible persons, to *see said ships forthcoming whenever he [ * 284 ] should demand them. That the defendants, more than a year before they committed an act of bankruptcy, sold and conveyed said ships, so that the said ships or either of them never came to the hands of the assignee of the goods and estate of the bankrupts. That the plaintiff proved said note under the said commission of bankruptcy, but has received no dividend. That at the time of proving his claim, he did not signify to the commissioners that he proved his debt in order to have the power of assenting or dissenting to the certificate, but exhibited and proved his claim in full, as other creditors. The plaintiff now waives all advantages under the commission, and elects to pursue his remedy at law. If, upon the foregoing state of facts, the Court are of opinion that the plaintiff can waive his remedy under said commission, and ought to have judgment, then the defendants agree to be defaulted, and that judgment shall be rendered against them for the contents of said note. But if the Court shall be of a different opinion, then it is agreed that the action shall be dismissed, without costs to either party.

*A. Ward* for plaintiff.

*R. G. Amory* for defendants.

For the plaintiff it was said that, in a variety of instances, the creditors of a bankrupt may proceed against him at law, even after they had proved their debts under the commission, provided they had received no dividend—or upon refunding, if they had received it. *Atk. Rep.* 104, Ex parte *Grove.*—The case of *Bouteflour* vs. *Coates, Cow.* 25, proves that judgment was obtained against a bankrupt after he had obtained his certificate. See, also, *Cow.* 138, *Blandford* vs. *Foote,* and 2 *Bl. Rep.* 1317, *Aylet* vs. *Hartford & Al.,* bail of *Lowe.* To determine then whether the case disclosed to the *Court, by the state of facts, is one of [ * 285 ] those where the creditor may proceed against the bankrupt subsequent to his having obtained a certificate, it will be necessary to look into the statute, and from its several provisions to ascertain the object of the law relative to the estates of bankrupts. And it is very obvious, attending to the statute, that all the property which the bankrupt had, *at the time of the act of bankruptcy committed,* is to be distributed among his creditors, a portion rate according to the amount of their respective debts, as is expressed in the 31st *section* of the *act,* without preference to any creditor on account of his security being of a higher nature than that of another. For this purpose it is provided (in the same *section*) "that every creditor having security for his debt, by judgment, statute, recognizance, or

specialty, or having *an attachment* under any of the laws of the individual states, or of the *United States, (provided* there be no execution executed upon any of the real or personal estate of such bankrupt, before the time he or she became bankrupt,) shall not be relieved upon such judgment, statute, recognizance, specialty, or *attachment,* for more than a ratable part of his debt, with the other creditors of the bankrupt." Now it is undoubtedly true that by the *general* words of this part of the statute all attachments are void. But for what purpose? The answer is, that the property attached, and on which the attaching creditor would otherwise have had a lien, may go into the common fund for the benefit of all the creditors; but at the time this attachment is thus vacated, it must have been *the property of the bankrupt;* if it were not, there would be no increase of the fund by making the attachment void. In the case submitted to the Court, the property which had been attached was not the property of the bankrupts, the defendants, [ * 286 ] at the time the act of bankruptcy * committed; for previous to *that* time, it is *expressly* stated that the property attached had been returned to the bankrupts, and that they had themselves sold it. The statute could never have been intended to reach such a case; and although the words are *general,* yet nothing is more frequent in construing a statute than to restrain general expressions by the plain and obvious intent of the legislature, to be collected from the whole statute taken together. For instance, the statute of March 11, 1784, (*stat.* 1783, *c.* 42, § 1,) describing the powers of justices of the peace in civil actions, enacts, " that *all manner* of debts, trespasses, &c., not exceeding the value of £4, shall and may be heard, tried, adjudged, and determined, by *any* justice of the peace within his county, &c." Was it ever supposed that a justice of the peace could, by virtue of this law, try a cause in which he himself is a party? Surely not. And yet the *words* of the statute are sufficiently comprehensive to give him this authority. A great number of other instances might be given.

It was the duty of the officer who made the attachment to have held the property attached, in custody for the benefit of the plaintiff. Previous to the act of bankruptcy he gave it up. This was a tort— a wrong—and gave a right of action to the plaintiff against him, provided he recovered judgment against the defendants: this right is not transferred to the assignees of the bankrupts; and the object of the plaintiff is to obtain a judgment against the defendants, for the purpose of charging the officer, not to take the persons of the defendants; who would be discharged by the Court, on motion, if they should be taken on the execution

For the defendants, it was said, that the effect of the certificate was to exonerate and discharge the bankrupts from all debts proved, or which might have been proved under the commission; to which * purpose the words of the statute are clear, [ * 287 ] express, and positive. It would therefore be against the express words of the statute, to permit the plaintiff to proceed in the action, and recover a judgment for this debt, which not only might have been, but actually was proved under the commission. The Court cannot render a conditional judgment. If any be rendered, it must be absolute, and the execution would of course go against the persons and estates of the bankrupt. And the counsel for the plaintiff is now urging the Court to commit the gross absurdity of rendering a *general* judgment, the only one that can be rendered, which at the same moment is, as it respects the defendants, to be utterly invalid, and of no effect. This is not one of the excepted cases. The statute has excepted two only; one where the certificate is obtained unfairly or by fraud; the other where the bankrupt has concealed estate or effects to the value of one hundred dollars. From its having *expressly* excepted these and no other, the conclusion is inevitable that there are no other exceptions.

THACHER, J. I am clearly of opinion that the plaintiff is not entitled to judgment. The words of the statute are express and positive that the certificate shall discharge the bankrupt from all debts by him due or owing at the time of the act of bankruptcy committed; which decides the present case.

SEWALL, J. I cannot discover that the question whether the plaintiff may waive his remedy under the commission, in order to avail himself of a judgment against the bankrupts, arises or can be considered in this case. Questions of that sort, where they have been the subjects of decisions made in *England*, in the construction of the bankrupt laws there, have arisen upon facts altogether different from the case before us, and, I believe exclusively, in the case, where the creditor being * entitled to his [ * 288 ] remedy against the bail of a bankrupt, neglects that to proceed against him under the commission. There is, according to the decisions in *England*, a certain extent to which the creditor may proceed under a commission of bankruptcy against the principal, without being understood to desert his remedy against the bail. But this case can only happen where a judgment has been obtained by the creditor before the commission of bankruptcy, and is never a question between the creditor and bankrupt, but with his bail.

The present is a case of a long-suspended attachment, made in an action commenced several years, as it seems, before the bankruptcy of the defendants, but upon which no judgment had been

rendered at the time of their bankruptcy, or of issuing the commission against them. And the question now to be decided is, whether this creditor, the plaintiff, may have judgment against the defendants, who show themselves to be certificated bankrupts, and that the debt now demanded was due before the bankruptcy, and, if it had not been, might have been proved against them under the commission. This question seems to be determined by the 34th *sect.* of the bankrupt law in a manner to admit of no doubt or discretion in our decision, from any of the circumstances which have been stated in the case. *That sect.* describing a bankrupt, who obtains his certificate under a commission, declares that " every such bankrupt shall be discharged from all debts by him due or owing at the time he became bankrupt, and all which were or might have been proved under the commission," and prescribes the defence of such bankrupt against any action pending or which might be commenced for such debt, and that, upon producing the certificate, the bankrupt shall have a verdict as if he had not been indebted,

[ * 289 ] *unless the creditor can prove the certificate to have been obtained by fraud, or can make appear any concealment of effects by the bankrupt exceeding the value of one hundred dollars* The parties have not intended, as I understand the state of facts submitted to our determination, to suggest any concealment of effects, or any fraud in obtaining the certificate. And I do not see how the Court can prevent the due operation of the certificate as allowed and required by the statute.

The plaintiff relies upon the 31st *sect.*, which provides for the payment of a portion-rate to every creditor, so that every creditor having a security by judgment, statute, recognizance, or specialty, or by attachment, unless after execution executed, shall not be relieved upon any such judgment, statute, recognizance, specialty or attachment, for more than a ratable part of his debt, with the other creditors of the bankrupt. It seems to be intended by this *sect.* that the liens therein mentioned shall be preserved for the benefit of the creditors generally, after an allowance to the particular creditor, originally entitled thereby, of his portion-rate. And this intention may be, perhaps, *effected* in the instances of a judgment, recognizance, or statute, which are liens complete, according to the laws of some of the states, upon the real estate of the debtor, against all persons but those claiming under the bankrupt law. But an attachment not being perfected as a lien until judgment and execution, the 34th *sect.* has, in that instance, defeated the supposed intention of the 31st *sect.*, if indeed such an intention may be implied from the words " shall not be relieved for more than a ratable part of his debt."

SEDGWICK, J　In this case, it is agreed, in substance, that the

defendants made the note declared on ; that they became bankrupts, and duly obtained their certificate; that this debt could be legally * and in fact was proved under the commission ; [ * **290** ] that before the bankruptcy, an action was commenced on the note, and the property, mentioned, attached to satisfy the judgment which might be recovered ; that, on security made to the officer, the property attached was restored to the defendants, and by them sold, more than a year before they committed the act of bankruptcy : the plaintiff now waives all advantages under the commission, and elects to pursue his legal remedy by this action. And the question for the consideration of the Court, is, whether the plaintiff, upon this state of facts, is entitled to recover.

The bankrupt act absolutely and without any exception discharges all attachments of property existing at the time of the commission ; and it enacts that " the bankrupt shall be discharged from all debts by him or her due or owing at the time he or she became bankrupt, and all which were or might have been proved under the commission." Now, this debt was due and owing by the defendants at the time they became bankrupts, and might have been, and in fact *was*, proved under the commission against them ; so that, by the express words of the statute, the defendants are *discharged* from the debt. The statute further provides that " in case the bankrupt shall after wards be arrested, prosecuted or impleaded for or on account of any such debts," (debts which might have been or were proved under the commission,) " such bankrupt may appear without bail, and may plead the general issue, and give this act and the special matter in evidence ; and the certificate of such bankrupts conforming, and the allowance thereof, according to the directions of this act, shall be, and shall be allowed to be sufficient evidence, *primâ facie*, of the party's being a bankrupt, within the meaning of this act, and of the commission and other * " proceedings precedent to the [ * **291** ] obtaining such certificate, and a verdict shall thereupon pass for the defendant, unless " the plaintiff shall prove certain specified facts, which there is no pretence can be done in the present case. Here, again, then, there are express words decisive, in this case, in favor of the defendants. But it is said by the counsel for the plaintiff, that it never could have been the intention of congress to discharge and vacate attachments but for the benefit of creditors, and that whenever property will not, by virtue of such discharge, come to the hands of the assignees, and enure to the general benefit of the creditors, this discharge will not take place; and that as this property was actually sold more than a year before the act of bankruptcy, it never could have come to the hands of the assignee, and of course could not enure to the benefit of the creditors ; and that

as the object in prosecuting this action is not to affect the defendants, but to obtain satisfaction from the officer who made the attachment, the plaintiff is entitled to recover; and that if the bodies of the defendants or their estate should be taken, the Court would discharge them. To this it may be answered, that such a decision would be opposed to the express words of the statute; and the mischief would be the same, as it respected the defendants, as if their bodies or goods might be immediately taken. If an action could be supported against the officer, he would have his remedy against those to whom he delivered the property, and they against the defendants. So that the manifest intention of the statute, that a discharge should be the consequence of a certificate duly obtained, would in this case be defeated—a discharge from debts which were actually proved under the commission. It is not immaterial to observe that it is to be presumed that the avails of the sale of the ships, which were sold by the defendants, increased the fund * from which the average was made for the creditors.

[ * 292 ]

In the two cases which were cited from *Burrow's* Reports, (*a*) it appears that the certificate to the bankrupt is a discharge of his bail, if it be obtained any time before the bail are fixed. This is not from any express words in the statutes of bankruptcy but to subserve their general policy in one respect, that of making the bankrupt a new man, by discharging him from all debts which might have been proved under the commission. The circumstances of the case now under consideration, are certainly as favorable to the bankrupt, as the cases reported by *Burrow.*

STRONG, J., said that he clearly concurred with the judges who had already delivered their opinions.

DANA, C. J., (first read the case of *Martin* vs. *O'Hara, Cowp.* 824, and then) said he was of the same opinion. By the express words of the statute, whenever an action is brought for the recovery of a debt, and, pending the suit, the defendant becomes a bankrupt, and obtains a certificate, he is discharged. What is the consequence as to bail? The rule is, that the bail are also discharged, if not fixed previous to the certificate. The attachment in the present case may be considered as similar to taking bail. But bail are never fixed, nor can be, until judgment is rendered against the principal.

*Action dismissed.*

(*a*) During the argument of the counsel for the plaintiff, *Sedgwick,* J., mentioned the case of *Woolley & Al.* vs. *Cobbe & Al.,* bail of *Cobbe,* a bankrupt, 1 *Bur.* 244, and *Cockerill,* assignee, vs. *Owston,* ibid. 436. (See also 2 *Bl. Rep.* 811. *Walker & Al.* vs *Giblet & Al.,* bail of *Treadwell.* S. P.