Catron, Ch. J.
delivered the opinion of the court.
Ross sold Whitson his land, took hills single payable at a future day for the purchase money, and made Whit-son a deed. Afterwards, Whitson sold the land to the Witherspoons, who had full notice that the purchase money was due from Whitson to Ross. They took a deed from Whitson and paid him for the land. There is no sufficient evidence going to show that Ross abandoned his lien, which must be shown by him who attempts to resist it. 15 Ves. 336; 1 Sch. and Lef. 132: 1 John. Ch. C. 309: 1 Bro. Ch. C. 420.
This state of the case presents the naked question, whether the vendor retains a lien for the unpaid purchase money against a purchaser with notice from the vendee? Whatever doubts may formerly have rested upon this head of equitable jurisdiction, they have long since given way to an uniformity of opinion in the British and American courts, (circumstances destructive of the lien aside,) that it does clearly exist, as between the vendor and vendee, and purchasers from the vendee, with notice. Sug. on Ven. ch. 12: 15 Ves. 336: Brown vs. Gilman, 1 Mass. Rep. 214: 4 Wheat. 292, note A: Garson vs. Green, 1 John. Ch. C. 308.
The executing notes for the purchase money from Whitson to Ross did not affect the lien; they were not independent security collateral to the purchase. Blackburn vs. Greyson, 1 Bro. Ch. C. 419, S. E: 1 Cox, 90: Garson vs. Green, 1 John. Ch. C. 309. The decree will be affirmed.
Decree affirmed.