No. 107.—JAMES T. TUCKER and another, plaintiffs in error, *vs.* ALFRED SHORTER, *et al.* defendants.

[1.] Public officers or agents contracting for the State, are not individually liable for obligations assumed in that character.

Covenant, in Floyd Superior Court. Decision by Judge TRIPPE.

The declaration in this case alleged, that in 1851, the Legislature passed an Act appropriating the sum of Five Thousand

Dollars for the improvement of the Coosa river, and appointed the defendants commissioners for its disbursement, the same to be appropriated by them when they should receive a like sum, by voluntary subscription, from private citizens.   The defendants accordingly entered into a certain contract with the plaintiffs to do certain work upon the river for the improvement of the navigation, minutely stipulating the kind and quantity of work to be done, for which they covenanted to pay the plaintiffs Thirty-five Hundred Dollars.   The defendants designated themselves in such contract as commissioners.

The declaration charged, that plaintiffs had performed their contract, but that defendants had failed to pay the sum agreed on.   The action was brought against the defendants individually, as joint obligors; but it was alleged that they contracted *as commissioners, &c.*

The defendants demurred to this declaration, on the ground that no action at Law could be maintained under such a state of facts; and the Court sustained the demurrer and dismissed the case.

And this decision is assigned as error.

WRIGHT & SHROPSHIRE, for plaintiff in error.

UNDERWOOD, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] It is conceded by the Counsel for the plaintiff in error, that if this contract were made with the defendants in error, as agents of the State, the latter are not personally liable. But it is insisted that they did not contract in this character, though holding themselves forth in the contract as commissioners for the improvement of the navigation of the Coosa river, by the Legislature appointed, because they represented also a fund raised by voluntary subscription of private citizens, and entrusted to them for the purpose of being applied to the improvement of the navigation of Coosa river.   And as to this

fund it is urged, they had the right to bind themselves person-
ally.

All this may be true; but it is not properly set forth in this
petition. It is there alleged, that "as commissioners," &c.
they contracted and covenanted, &c. This was their charac-
ter as public agents, and they are not, by the declaration,
charged as being liable, because having in possession a private
fund, for the appropriation of which they are responsible. If
the case had been so framed, and it had been alleged, that in
consideration of this they had bound themselves personally,
and the charge were sustained by proof, then a recovery
against them individually, perhaps, might be put upon this
ground. But the declaration does not show this, and the Court
below was right in dismissing it.