PRUDEN *et al. vs.* LOVE.

1. Where the council of a municipal corporation, in the exercise of their police powers, and after due notice, declare a building to be a nuisance, and require it to be torn down, they would not be liable as individuals to the owner for damages, unless they acted maliciously, oppressively, corruptly, or without authority of law.

   (*a.*) Before declaring the property of a citizen to be a nuisance, and requiring it to be demolished, he is entitled to full notice of the time and place of the hearing.

2. Newly discovered evidence, consisting of testimony of one of the members of a municipal council is no ground for new trial on behalf of the members of such council, sued as individuals for a trespass alleged to have been committed by the council.

3. A non-suit was properly refused in this case.

4. The action being against the members of a municipal council as individuals for abating a certain house as a nuisance, without notice to the owner, was it admissible to show that the marshal stated to the council that he had notified the owner of the time and place of meeting, as bearing on the question of *bona fides? Quaere.*

   (*a.*) Certainly such testimony was not admissible as tending to show the actual giving of notice.

Municipal Corporations. Actions. Damages. Non-suit. New Trial. Evidence. Before Judge FAIN. Whitfield Superior Court. April Term, 1881.

Love sued Pruden *et al.* for damages for pulling down a house of his in the city of Dalton. Defendants pleaded the general issue. On the trial the following facts, in brief, appeared: The defendants were the mayor and council of Dalton. They notified Love that at a certain time and place they would pass upon the question whether his building was a nuisance or not. He attended the meeting and filed a plea. The case was continued until the next regular meeting of council. They had been meeting at 7 o'clock P. M.; but as Love was on his way to this particular meeting, he learned that the time had been changed to 4 P. M., that council had already held their meeting and declared his building a nuisance, and ordered it to be torn down. Love swore that he had no notice of the change of the time of the meeting. The marshal swore that he did not remember giving such notice, but if he so stated to the council, it was true. It appeared that he had so stated. Urged by the chairman of the nuisance committee to act promptly, lest he might be stopped by an injunction, the marshal took a *posse* and demolished the building. Whether it was in fact a nuisance was a point about which the evidence conflicted.

The jury found for the plaintiff $100.00. Defendants moved for a new trial on the following, among other grounds:

(1). Because the verdict was contrary to law, evidence and the charge of the court.

(2). Because the court restricted the testimony of the marshal (Wrinkle) to showing good faith on the part of the council. (He was shown to have stated to the council that he had given notice of the change in the time of meeting to Love. He did not remember giving such notice, but testified that if he so told the council, it was true.)

(3). Because of the newly-discovered evidence of Kirkpatrick, a member of the council, to show that Love did in fact have notice of the change of time.

(4). Because the court refused to grant a non-suit, on motion of defendants' counsel.

The motion was overruled, and defendants excepted.

J. A. R. HANKS; S. P. MADDOX, for plaintiffs in error.

J. A. GLENN; W. C. GLENN; W. K. MOORE, for defendant.

JACKSON, Chief Justice.

The jury found for plaintiff against defendants one hundred dollars damages for pulling down the plaintiff's house in the city of Dalton. Defendants pleaded to the action that they acted as mayor and council of Dalton in ordering the house pulled down as a public nuisance, and were not therefore liable as individuals, and made a motion for a new trial, which was overruled, and they excepted.

No complaint is made of the charge of the court, but the motion is based on the ground that the verdict is contrary to the evidence, the charge of the court and the law of the case.

1. There can be no doubt that the authorities of the city have the power, under the charter and by the code, to abate a nuisance; but where it affects private rights, reasonable notice must be given of the time and place of trial. Code, §4096. The notice is of the very essence of the trial, and if the mayor and council proceed *ex parte* and without notice to the owner of a house, and condemn it as a nuisance, and order it torn down without a hearing, they do so at their peril, and cannot protect themselves from liability therefor. They act as to the city as the court composed of the justices of the peace and jurors do for the country, and the notice is made by

statute in the one case just as necessary as in the other; and the law is just. No man's property may be destroyed without due process of law, is the constitutional guarantee to every citizen, and no court or council can do so with impunity.

The jury found that there was no notice of the time and place of trial, and the evidence is sufficient to authorize that finding.

True, he had notice that his case would be taken up at the regular meeting of council, and he appeared and put in a plea, thus joining issue, and the case was continued to the next regular meeting. But the time for holding that meeting was changed, and of this change the defendant swore that he had no notice, and there is no proof that he had any. The marshal swore that he did not remember giving him any notice, but that if he told the council that he gave it, then he did, and the mayor or one of the council swore that he did say so. The jury had a right to believe the defendant in error and the want of memory of the marshal, rather than the recollection of what the marshal said about it by one of those present, that saying not being under oath. As the plea had been filed and the cause continued, at the instance of the defendant in error to make it good by proof, to the next regular meeting, and as the defendant in error was on his way to that meeting when informed that council had advanced the time of session and tried his case, we cannot say that the jury were not justified by the evidence in finding that it acted illegally and oppressively, especially as the chairman of the nuisance committee and one of the defendants urged the marshal and his *posse* to expedite the demolition of the house, to prevent the defendant in error from applying for an injunction by the judge of the superior court.

Whilst, therefore, we hold with the judge below, that the mayor and council could not be held personally liable unless they acted either maliciously, corruptly, oppres-

ively, or without authority of law, yet we agree with him, too, in the opinion evinced by his denial of a new trial, that there is sufficient evidence to uphold a verdict that they did act without complying substantially with the law in a most essential element of a fair trial—notice of time and place—and thereby acted so as to oppress the defendant in error.

2. The newly discovered evidence is what the chairman of the nuisance committee would swear touching notice, but he is one of the council, and of course what he knew they all ought to have known.

3. There was evidence enough by plaintiff below to carry the case before the jury, and the non-suit was properly refused.

4. What the marshal said to council about notifying the plaintiff below of the change of the time of meeting of council was testimony, perhaps properly admissible to show good faith in those who heard it and acted upon it, but it was not proof of actual notice to defendant, when the marshal himself could not remember giving it when on the stand under oath, and the court was right to restrict it to the former use as legal evidence. Beyond that it was mere hearsay, if not hearsay altogether, and for any purpose except impeachment of the witness.

On a careful review of the whole case we feel constrained to uphold the verdict and affirm the refusal to grant the new trial.

Whilst the law will protect municipal authorities, and shield their persons from individual responsibility when in discharge of official duty, it will not permit them to invade private rights and demolish private property as a nuisance without due process of law, and due process of law, under our Code, is notice of the time and place of trial of the issue of nuisance or no nuisance.

To uphold their judicial functions and their fearless exercise of judgment, is the policy of the law, and it will not do to allow them to suffer for error of judgment in

the exercise of those functions. But it is no less its policy to protect the three great absolute rights of all the people, personal liberty, personal security and private property, and it will not, on the other hand, do to permit these, or either of these, rights to be annihilated without due process of law.

See cited by plaintiffs in error acts of 1874, p. 181 ; 38 *Ga.*, 335 ; 5 Cowen, 670 ; An. &. A. on Cor., §630; Dil. Mun. Corp., §136, note 2, 176 ; 13 Ohio, 157 ; 17 *Ib.*, 402 ; 4 Ind., 200 ; 17 Johnson, 439 : 10 *Ib.*, 470 ; 20 *Ga.*, 635 ; 12 *Ib.*, 23 ; Dil. Mun. Corp., 753 ; 7 *Ga.*, 200 ; 40 *Ib.*, 87 ; 39 *Ib.*, 725 ; Wood on Nuis., 149, 730, 732, 745 ; 18 Ark., 252 ; Bish. Crim. Law, §828 ; Dillon, §311 ; 22 N. J. 25.

For defendant in error, Code, §§4094, 4095, 4096 ; Wood on Nuis., §740.

Judgment affirmed.