### 350. VARNER *v.* THOMPSON *et al.*

1. One who is merely de facto a judicial officer is not personally liable for the exercise of judicial functions, even though his acts be corrupt. One, however, who affects or purports to act by virtue of authority appertaining to an office which does not in fact exist is personally liable for his acts.

2. The recommendation by the grand jury of a county, that the alternative road law be adopted, makes such road law immediately operative and divests the road commissioners of all power to try or punish defaulters for failure to work the public roads; and any process, judgment, or order thereafter issued by the road commissioners, in conformity with § 547 of the Political Code, is void.

3. The Political Code, § 583, delegates quasi-legislative functions, with reference to roads, to the grand jury. Where the recommendation of a grand jury is attacked for informality, indefiniteness, or ambiguity of expression, effect will be given to the apparent intention and the object sought to be attained by the grand jury. A report returned in the general presentments of a grand jury, which contains the language, "we thought it best to recommend the alternative road law, and also that the convicts be worked on our roads as early as possible," when adopted by that body and when the presentments have been returned into court and received, operates as an adoption of the alternative road law.

4. When the road law is adopted by the recommendation of the grand jury, road commissioners cease to exist in that county, and an exercise of any judicial function whatever by those persons who may previously have been road commissioners becomes legally impossible.

5. Where such persons, after the recommendation of the grand jury, putting the alternative road law into effect, attempt to exercise judicial or official functions, they are individually and personally liable for their acts. And a petition which alleges that said former commissioners, knowing that they had no authority, with intent to injure and damage a petitioner, unlawfully arrested and imprisoned him in the common jail, sets forth a good cause of action and should not be dismissed on demurrer.

Action for damages, from city court of Sylvester—Judge Park. December 5, 1906.

Argued May 14, 1907.—Decided January 27, 1908.

*Payton & Hay,* for plaintiff. *J. H. Tipton,* for defendants.

RUSSELL, J. Varner brought suit in the city court of Sylvester, against Thompson and others, for damages for false imprisonment. The defendants demurred to the petition, generally and specially, and the court sustained the general demurrer and dismissed the action. It appears from the allegations of the petition, that at the regular April term, 1906, of Worth superior court, the grand jury recommended that the alternative road law be put in operation in Worth county. The petition further alleged, that on August 20, 1906, the defendants, without any lawful authority, issued a warrant against the plaintiff, signed by themselves as commissioners of the fifth district, placed said warrant in the hands of the deputy sheriff of the county, and directed his arrest; that then the defendants falsely set themselves up as road commissioners of said county, falsely declared petitioner a road defaulter, and demanded of him the sum of $2; that, upon his refusal to pay said sum, the defendants, claiming to be commissioners of the fifth district, issued a writ of mittimus, by virtue of which the plaintiff was placed in the hands of the deputy sheriff with instructions to imprison him for ten days, and by virtue of which he was imprisoned until his discharge upon a writ of habeas corpus. In the sixth paragraph of the petition it is alleged, that all of said acts of defendants were illegal and wholly without authority of law, and were done in bad faith, and that the imprisonment was illegal and without excuse. The petition sets up the adoption of the alternative road law, and that between the date of recommendation by the grand jury and the date of the imprisonment the defendants had not received any authority from the board of commissioners of roads and revenue of Worth county, authorizing them to take any steps regulating the working of the public roads or controlling the hands subject to road duty in said district, and their acts were wholly without legal authority, knowingly so, and said acts were done to injure and damage petitioner. The petition further alleges that the road overseer by whom petitioner was summoned to work had never been furnished with any list of road hands including petitioner.

1. It is well settled that a judicial officer, even one who is only de facto such, is not responsible for his acts, even though they be wilful, malicious, or corrupt, in an action for damages,

brought by one who may have been injured by the exercise of his judicial discretion or by his ignorance, misconstruction, or misapplication of the rules of law.   But according to the allegations of the petition the defendants were not even de facto judicial officers.

2.   The action of the grand jury of Worth county, in recommending the adoption of the alternative road law, withdrew all power from the road commissioners to try defaulters, and all authority to punish for failure to work the roads.   In the provision of §583 of the Political Code, no tribunal except the county authorities (either the ordinary or county commissioners, as the case may be) is clothed with authority to try or punish road defaulters. The power conferred upon the proper county authorities is exclusive of the exercise of this power by any one else.   For this reason the effort to hold the court, as well, as the several judgments and writs issued by the defendants in their assumed capacity as road commissioners of the fifth district, were entirely nugatory and void.   According to the allegations of the petition the defendants did not have any color of authority.

3.   It is insisted that the language used by the grand jury in their general presentments did not amount to such a recommendation as would effectuate the adoption of the alternative road law in Worth county.   The recommendation as quoted in the petition is in the following language: "This grand jury resolved itself into a committee of the whole to investigate and report upon the conditions of the public roads, and as the result of that investigation and report forces us to say that we are behind the times and not in line with our neighboring counties in this important line of work, and to remedy our backward condition we thought it best to recommend the alternative road law, and also that the convicts be worked on our public roads as early as possible."   It can be admitted that the recommendation could have been clothed in clearer and more technical language; and yet we have no hesitation in holding that the language used is sufficient to convey the intention and declare the action of the grand jury in the premises. The question as to whether the grand jury did recommend the road law is to be determined by whether the language used is susceptible of that construction, and not reasonably susceptible of any other.   As to many matters of local legislation, as well as in the selection of quite a number of local officials, it has

been the policy of our State to constitute the grand jury into a miniature local legislature; and the language employed in their acts and proceedings in this respect is to be construed, not with regard to the merits of verbal criticism, but with a view of giving effect to the manifest intention of that body. It would have been more correct if the grand jury had followed the statement of their preamble, by saying that "we hereby recommend the adoption of the alternative road law for Worth county." And yet no other reasonable deduction can be drawn from the words "we thought it best to adopt the alternative road law;" especially as the reasons why this step is thought wise precede this language, and the words employed are followed by a recommendation that as soon as possible the convicts be used on the public roads. From this conclusion of the recommendation the presumption necessarily arises that it was the intention of the grand jury at the April term to exercise the authority conferred on that body by law, of putting the alternative road law in force, because there is no provision for working convicts upon the public roads in counties which have not adopted the alternative road law.

4. The grand jury, then, having recommended the road law, it became effective thereafter in Worth county until repealed, either by direct vote of the people or by a contrary recommendation of the grand jury at the end of not less than three years. Under the operation of this law (Political Code, §584) the county authorities alone could try defaulters, and the road commissioners not only were divested of all of the authority conferred by §589 et seq. of the Political Code, but they actually ceased to exist as such, and would have no further duties in connection with the roads unless the same individuals as citizens should be selected by the county authorities as their agents or servants in furtherance of the particular system of road working selected in accordance with the terms of §576 of the Political Code. In any event it became, from the nature of the case, impossible for these defendants to exercise any judicial functions whatsoever.

5. The defendants, by operation of law, were, at time of the alleged trial, mere individuals with no shadow of authority nor any excuse legally for any of the acts of which the plaintiff complained. And since the petition alleges that they knew they had no authority and that their acts were done with the intention to

injure and damage the plaintiff, it follows that the petition set forth a cause of action. The petitioner would be entitled to. recover for the wilful infraction of his personal liberty, for his arrest and imprisonment, even if the defendants .acted ignorantly and in good faith. This can not excuse the defendants or. defeat their liability to the plaintiff, though it may go in mitigation of the damages. Under the allegations of the petition the plaintiff is entitled to recover nominal damages at least; and where a plaintiff is entitled even to nominal damages it is not proper to dismiss the action on general demurrer. *Glenn* v. *Western Union Tel. Co.,* 1 *Ga. App.* 821 (58 S. E. 83). *Judgment reversed.*