26484. STATE OF GEORGIA, for use etc., *v.* GORMLEY, superintendent of banks, *et al.*

DECIDED MARCH 10, 1938. REHEARING DENIED MARCH 30, 1938.

*James H. Dodgen, C. E. Kay,* for plaintiff.

*M. J. Yeomans, attorney-general, Dave M. Parker, Bryan, Middlebrooks & Carter, Bonneau Ansley,* for defendants.

BROYLES, C. J. The State of Georgia, for the use and benefit of Annie B. Greene, brought suit against R. E. Gormley, as superintendent of banks, and the United States Fidelity & Guaranty Company, as surety on his bond, alleging, in part and in substance, that Bankers Savings & Loan Company was a bank within the meaning of that term in the banking act of this State (Ga. L. 1919, p. 135); that the said Annie B. Greene deposited $3100 on February 1, 1933, in the Bankers Savings & Loan Company; that the bank closed on February 2, 1933, and converted her deposit to the use of the officers of said bank; that the Bankers Savings & Loan Company was subject to the jurisdiction and supervision of

Gormley, as State superintendent of banks; that had the said Gormley performed his duty as State superintendent of banks, and investigated and supervised said Bankers Savings & Loan Company, he would have found that the company was insolvent and would have closed said bank prior to the time plaintiff made her deposit therein; that Gormley's wilful neglect to perform his legal duty in this respect caused plaintiff to sustain a loss in the amount of her deposit, $3100; and that Gormley and the surety on his bond are liable to plaintiff in the amount alleged. After the filing of certain amendments, demurrers, and orders of the court, which it is unnecessary to discuss, the court finally sustained the general and special demurrers to the petition as amended, and dismissed the case, on which judgment the plaintiff assigns error.

The request of plaintiff in error to overrule the decision in *Gormley* v. *State*, 54 *Ga. App.* 843 (189 S. E. 288), is denied. That decision is controlling in this one. The facts of the case in 54 *Ga. App.*, which was originally brought in behalf of Eva Horne, are fully set out in the report, and are identical, in principle, with those of the instant case.

It is true that in *Bankers Savings & Loan Co.* v. *Better Business Division*, 177 *Ga.* 334 (170 S. E. 291), the court held that the petition in a mandamus action showed that the defendant corporation was conducting a banking business, as defined by the laws of the State, in such manner as to subject the defendant to the supervision of the State superintendent of banks; and that a demurrer attacking the petition on this ground was properly overruled. However, the decision in that case was rendered July 13, 1933; and if the plaintiff in the instant case had any cause of action, it arose on or before February 2, 1933, the date the Bankers Savings & Loan Company closed. The conduct of the State superintendent of banks, so far as it relates to the instant case, must be considered in the light of the law and the facts as they existed on or before February 2, 1933, which was over five months before the Supreme Court ruled on the petition in the mandamus case above referred to. In the *Gormley* case, 54 *Ga. App.* 843, supra, it is said: "It is apparent that the superintendent adjudged the Bankers Savings and Loan Company a bank not subject to his visitorial powers. . . Under the powers conferred by its charter the Bankers Savings and Loan Company may well be classed

as a *like association* to a building and loan association, as defined in the Code, § 16-101, quoted above. Therefore, whether the superintendent of banks had supervisory powers over such a corporation where it undertook to do a general banking business, and, if so, whether, because of the facts alleged the Bankers Savings and Loan Company was doing a general banking business, and what acts amount to the carrying on of a general banking business were undoubtedly questions requiring the exercise of judgment on the part of the superintendent. . . 'The law · is well settled that where public officials "are acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen." *City of Atlanta* v. *Holliday,* 96 *Ga.* 546 [23 S. E. 509].' *Hudspeth* v. *Hall,* 113 *Ga.* 4, 7 (38 S. E. 358, 84 Am. St. R. 201), and cit.; *Pruden* v. *Love,* 67 *Ga.* 190; *Paulding County* v. *Scoggins,* 97 *Ga.* 253 (23 S. E. 845); *Varner* v. *Thompson,* 3 *Ga. App.* 415 (60 S. E. 216). . . It is true that in *Bankers Savings and Loan Co.* v. *Better Business Division,* 177 *Ga.* 334 (170 S. E. 291), the Supreme Court adjudged that he did have the right to supervise such bank; but that decision can have no effect upon his liability for failure to examine into the affairs of that corporation, for the immunity from civil liability given to public officers for a mistake in judgment 'extends to errors in the determination both of law and of fact.' . . 'The sound rule seems to be that some words beyond the mere allegations of negligence and failure to perform should be alleged, showing an intent to act wrongfully, wilfully, maliciously, unfaithfully, or in bad faith, or, in other words showing evil intent, and then allege such facts as did constitute such intent.' No facts are set forth in the present petition showing malice, fraud, corruption, or bad faith; nor does the petition, construed most strongly against the pleader, attempt to allege that the defendant's acts were such. For this reason we are of the opinion that the general demurrer should have been sustained and the action dismissed." The language and rulings above quoted are applicable to, and controlling in, the instant case.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*