## 49152. PARTAIN v. MADDOX.

ARGUED MARCH 5, 1974 — DECIDED APRIL 23, 1974 —
REHEARING DENIED MAY 13, 1974 —

*Savell, Williams, Cox & Angel, Henry Angel,* for appellant.

*George G. Finch,* for appellee.

STOLZ, Judge.

1. "As a general rule 'the failure of a public officer to comply with the laws governing and regulating his powers and duties. . .usually subjects such officer to a civil action for damages.' 22 R. C. L. 478. It is a well-established principle that a public official who fails

to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that 'where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption.'* [Emphasis supplied.] 22 R. C. L. 486, § 164. Our Supreme Court has said: 'The law is well settled that where public officials "are acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen." *City of Atlanta v. Holliday,* 96 Ga. 546 (23 SE 509).' *Hudspeth v. Hall,* 113 Ga. 4, 7 (38 SE 358, 84 ASR 201), and cit.; *Pruden v. Love,* 67 Ga. 190; *Paulding County v. Scoggins,* 97 Ga. 253 (23 SE 845); *Varner v. Thompson,* 3 Ga. App. 415 (60 SE 216) . . . [T]he immunity from civil liability given to public officers for a mistake in judgment 'extends to errors in the determination both of law and of fact. . . As regards errors of law, he is equally protected when he adopts a mistaken construction of an Act of Congress or a State statute, or when he misunderstands the common law.' 22 R. C. L. 486. The Supreme Court of Idaho, in State v. American Surety Co., 26 Idaho 652 (145 P 1097, AC 1916E 209), in discussing and adopting the general rule of immunity of public officers from civil liability for errors in judgment, said: 'So from all the cases, including the cases where the breaches were acts of commission and acts of omission, the sound rule seems to be that some words beyond the mere allegations of negligence and failure to perform should be alleged, showing an intent to act wrongfully, wilfully, maliciously, unfaithfully, or in bad faith, or, in other words showing evil intent, and then allege such facts as did constitute such intent.' " *Gormley v. State,* 54 Ga. App. 843, 847, 851 (189 SE 288). Likewise, "[i]t is the general rule that public officers,

when acting in good faith and within the scope of their duty, are not liable to private action. This immunity is not extended to them when they do things not authorized by law, or act in a wanton or *malicious* way and with *intent to injure the property of another.* In the latter case, they are responsible for a violation of their duty. *McClellan v. Carter,* 30 Ga. App. 150, 151 (117 SE 118) . . . 'The power and duty to exercise judgment and discretion is not conferred alone on public officers who sit as judges. There are a large number of such officers whose duties lie wholly outside the domain of courts of justice. To distinguish them from judicial powers, such powers are termed quasi-judicial or discretionary, as they are said to lie midway between judicial and ministerial ones. The name of the officer or officers is immaterial, and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability. Mechem on Public Officers, 420, §§ 636, 638. For reasons of private interest and public policy a quasi-judicial officer cannot be called on to respond in damages to a private individual for the honest exercise of his judgment within his jurisdiction, however erroneous or misguided his judgment may be, "for their authority is fixed by laws which those who deal with them are as much bound to know as are the officers themselves. Otherwise, not only would it be difficult to get responsible men to fill public office, but there would be constant temptation to yield officially to unlawful demands, lest private liability be asserted and enforced. But, although officers, they may not be rascals, and liability may arise for tortious conduct. In matters of ministerial duty they may even be liable for nonfeasance as well as misfeasance, for mistakes and neglects (11 Cyc. 410; Amy v. Supervisors, 11 Wall. 136, 20 LE 101); *but in matters of judgment and discretion they are liable only if they act wilfully, corruptly, or maliciously* (11 Cyc. 411)." [Emphasis supplied.] Commercial Trust Co. v. Burch, 267 F 907, 909; *Tucker v. Shorter,* 17 Ga. 620; *Ghent v. Adams,* 2 Ga. 214, 216.' *Price v. Owen,* 67 Ga. App. 58, 60-61 (19 SE2d 529). . . In general a malicious act involves all that is usually understood by the term

'wilful,' and is further marked by either hatred or ill will or by such utter recklessness and disregard of the rights of others as denotes a corrupt or malevolent disposition. State v. Willing, 129 Iowa 72 (105 NW 355, 356). 'Bad faith' is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will. Spiegel v. Beacon Participations, 297 Mass. 398 (8 NE2d 895). 'Bad faith,' though an indefinite term, differs from the negative idea of negligence, in that it contemplates a state of mind affirmatively operating with a furtive design or some motive of interest or ill will. New Amsterdam Cas. v. National Newark & Essex Banking Co., 117 N. J. Eq. 264 (175 A 609). 'Malice' is bad faith or bad motive. Potts v. Dies, 132 F2d 734, 735 (77 U. S. App. D. C. 92)." *Vickers v. Motte,* 109 Ga. App. 615, 617, 618, 619 (137 SE2d 77).

"All information both oral and written received by the State Board of Pardons and Paroles in the performance of their duties . . . and all records, papers and documents coming into their possession by reason of the performance of their duties . . . shall be classified as confidential state secrets until declassified by a resolution of the board passed at a duly constituted session of the board." Code Ann. § 77-533 (a) (Ga. L. 1953, Nov. Sess., pp. 210, 211).

"No person shall divulge or cause to be divulged in any manner any confidential state secret. Any person violating the provisions of section 77-533, relating to secrecy of information received by the State Board of Pardons and Paroles, or *any person who causes or procures a violation of such section* or conspires to violate such section, shall be guilty of a misdemeanor and punished as for a misdemeanor." (Emphasis supplied.) Code Ann. § 77-9911 (Ga. L. 1953, Nov. Sess., pp. 210, 211).

At all times pertinent hereto, the defendant was a member of the State Board of Pardons and Paroles, an office created under the Constitution of the State of Georgia and placed within the executive department of government. As chairman of the board, he had the primary responsibility for preserving the confidentiality

of its files. He received his information and instructions from the Governor of Georgia, the chief executive officer of our state. In passing on the governor's instructions to an employee of the Board of Pardons and Paroles, with instructions to the employee to so advise the office manager, the defendant acted within his discretionary authority as chief executive of the board.

The record in the present case is utterly devoid of any conduct by the defendant which could remotely be construed as being sufficient to lift the shield that protects public officers acting colore officii. Accordingly, the trial judge erred in failing to grant the defendant's motion for judgment notwithstanding the verdict.

2. The remaining issue is rendered moot by the holding in Division 1.

*Judgment reversed. Deen and Webb, JJ., concur.*