## 59050. HAZE EDWARDS ELECTRIC COMPANY, INC. v. TURVEY et al.

SHULMAN, Judge.

Plaintiff-contractor brought suit against several members of the Clayton County Electrical Board, individually, for their alleged arbitrary and capricious determination to deny approval of plaintiff's electrical work which, plaintiff alleged, resulted in its unnecessary expenditure of additional time and money to complete its job. From a directed verdict granted in favor of defendants, plaintiff appeals. We affirm.

1. "[I]t is the general rule that public officers, when acting in good faith and within the scope of their duty, are not liable to private action. This immunity is not extended to them when they do things not authorized by law, or act in a wanton or *malicious* way and with *intent to injure the property of another.* In the latter case, they are responsible for a violation of their duty. [Cit.] ' . . . For reasons of private interest and public policy a quasi-judicial officer cannot be called on to respond in damages to a private individual for the honest exercise of his judgment within his jurisdiction, however erroneous or misguided his judgment may be, "for their authority is fixed by laws which those who deal with them are as much bound to know as are the officers themselves. Otherwise, not only would it be difficult to get responsible men to fill public office, but there would be constant temptation to yield officially to unlawful demands, lest private liability be asserted and enforced. But, although officers, they may not be rascals, and liability may arise for tortious conduct. In matters of ministerial duty they may even be liable for nonfeasance as well as misfeasance, for mistakes and neglects [cits.]; *but in matters of judgment and discretion they are liable only if they act wilfully, corruptly, or maliciously . . .* [Cits.]' " *Partain v. Maddox,* 131 Ga. App. 778, 782-783 (206 SE2d 618).

2. At best, appellant's evidentiary presentation showed that the facts did not warrant the action taken by the board. Since appellant failed to present any evidence showing that such actions were wilful, corrupt or malicious, appellant failed to carry its evidentiary burden.

This being so, the grant of the motion for directed verdict in favor of the defendants was proper. Id.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JANUARY 7, 1980 — DECIDED JANUARY 24, 1980.

*H. Burton Crews,* for appellant.
*John R. McCannon,* for appellees.