No. 104.—The State *ex rel.* John B. Fain and Richard Wilson, plaintiffs in error, *vs.* Willis Woody *et al.* Justices, &c. defendants.

[1.] Where commissioners are appointed by an Act of the Legislature, for the purpose of selecting and laying off a county site, and a discretion is confided to them, in their judgment, to select a point nearest to the centre of the county, having due regard to eligibility, &c. : *Held*, that if they proceed, in good faith, to select such site, no Court has a right to control the exercise of their judgment, unless they invade private rights.

Application for prohibition, in Fannin Superior Court. Decision by Judge Irwin.

The Legislature of 1853 laid off and created a new county, by the name of Fannin, with certain boundaries. The Act provided that the Justices of the Inferior Court for said new county, when elected, should select a site for the county seat, "at or as near the centre as practicable."

The defendants, being elected Justices, chose a site, and were proceeding to lay off a town and erect public buildings.

The plaintiffs, thereupon, made application to the Judge of the Superior Court for a writ of prohibition and mandamus, setting forth that the place selected was six miles from the centre of the county, and that situations better for the purpose could be had nearer the centre; that the site chosen was a bad one, and inconvenient to the people, and that a large majority of the inhabitants were opposed to it; that two of the Justices had opposed the selection; and other reasons, showing the impropriety of the choice made by the majority of the Justices.

The Judge refused the application, holding that the case made was not one in which he could interfere by prohibition or mandamus, the Justices having acted within their jurisdiction.

To which decision the applicants except, and assign the same as error.

FRANCIS, for plaintiff in error.

UNDERWOOD; COBB & HULL, for defendants in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] For the purposes of this judgment, we waive all discussion as to the appropriateness of the remedy selected, and put our opinion upon the merits of the case.

The question involved here, is to be determined by the character and extent of the discretion by the Legislature confided to the Justices of the Inferior Court of Fannin County, as commissioners, for the purpose of selecting a site therein for the public buildings and seat of justice.

In the case of *Hamrick et al. vs. The Commissioners of Lee County*, decided at the last term of this Court at Columbus, it was insisted that certain commissioners appointed by the Legislature for the purpose of selecting an eligible site for a new county site in said county, should be enjoined, because the said commissioners had not selected an eligible site nor one near the centre of the county; and we there held, that these commissioners, for the purpose of executing the duty which they were appointed to perform, were clothed with a portion of the sovereign power and discretion; and that the exercise of that discretion, in good faith, so far as it depended upon matter of judgment, no Court had a right to control, unless they violated private rights.

That view of the subject is applicable to this case. The Legislature gave to these Justices, not as a Court, but as commissioners, a discretion to be exercised according to the dictates of their judgment. The Act provides, that they " shall have full power and authority to select and locate a site for the public buildings of said county. The said site to be located as near the said centre as practicable; and the said Justices, or a majority of them, are hereby invested with full power to purchase a tract of land, or so much thereof as may be necessary

for the location of the county site, to divide the same into lots and sell each lot at public sale for the benefit of the county, or to make such other arrangements or contracts concerning the county site, or location of the public buildings, as they, in their judgment, may think proper."

The discretion thus entrusted to these commissioners, is very general indeed.

It is true that they are required to fix the county site as near the centre of the county as practicable. And the terms thus used are not the most appropriate for the expression of the idea, that the site thus selected was to be as near the centre of the county, as eligibility of situation, conditions of purchase, &c. might allow. But the reason of the thing, and the whole of the section taken together clearly show that this was the intention, that it was never designed by the Legislature that the commissioners were to select such point and none other, as was, by geometrical and mathematical calculation, the centre of the county, though the same might be in the midst of a deep swamp (if swamp there be in Fannin County) or on the highest and most precipitous rock of Frog Mountain. It follows, that these commissioners were provided with authority which empowered them to fix this county site at some point which, *in their judgment*, with due regard to eligibility, &c. was the nearest point to the centre of the county.

Of course, it was expected by the Legislature, that that judgment would be intelligently and faithfully exercised. But if they have proceeded, or are proceeding in good faith to exercise it, as we have said in the case above cited, no Court has authority to control them, unless they invade private rights.

At first, we supposed that there were some allegations in the petition which charged them with a wilful departure from the requirements of the Act—with exceeding their authority or refusing to exercise it in good faith. But upon examining the writ more closely, we perceive that there is nothing in it which negatives the idea, that they have not selected the site nearest the centre of the county, having regard to eligibility, terms of purchase, &c.

The petition asserts, that previous to any action being taken by the commissioners, "it was determined and agreed, by and between a majority of the members of said Court, that they would not locate the said town at the supposed centre of said county, but it was resolved by them to violate the law in its location, for the sole benefit and accommodation of a few leading men of said county," &c.   It goes on to allege, that they proceeded to fix the site at a point which they "admitted was not the centre of said county, but distant therefrom some five or six miles south," &c.

Strong as this charge is, as to the *motives* of the commissioners, still, it does not negative the proposition, that the point selected is with reference to the centre of the county, the nearest eligible point; for it is possible that the interests of the "few leading men" to which reference is made, may have been consulted as the prime motive; and yet, the site selected have been the nearest to the centre, which was eligible and proper for the purpose.

We are therefore, of the opinion, that nothing is shown which can authorize an interference with the discretion confided to these commissioners.

Let the judgment be affirmed.