JOHN H. ALLEN *et al.*, plaintiffs in error, *vs.* ISAAC P. TISON *et al.*, defendants in error.

1. The discretion vested in commissioners appointed for the purpose of changing the location of the county site, where they are authorized to act as they might deem best for the interest of the county, will not be interfered with unless abused.

2. Where an Act was passed by the Legislature in the year 1872, "for the removal of the county site of Lee county, to compensate the owners of real estate at Starksville, and for other purposes," the body of which was in accordance with its title, and in 1873 a second Act was passed, the title to which was as follows : "An Act to amend an Act to authorize the Ordinary of Butts county to issue bonds to raise money to build a Court-house, and to authorize the commissioners to remove the county site of Lee county, to issue bonds of said county to build a Court-house and jail at the new county site of said county of Lee, and for other purposes :"

*Held*, That the two Acts in relation to the county of Lee should be construed together as one Act ; and thus construed, the removal of the county site of Lee county, and the provision for the payment of the cost of such removal, incident to the erection of the public buildings at the new site, cannot be said to be more than one subject matter as contemplated by the Constitution.

Injunction. County matters. Constitutional law. Before Judge CLARK. Lee county. At Chambers. October 17, 1873.

For the facts of this case, see the decision.

G. W. WARWICK; C. B. WOOTEN; L. E. BLECKLEY, for plaintiffs in error.

FREDERICK H. WEST; RICHARD H. CLARK, for defendants.

Allen *et al. vs.* Tison *et al.*

WARNER, Chief Justice.

This was a bill filed by Allen and others, tax payers of Lee county, praying for an injunction to restrain the defendants, as commissioners, acting under the authority of an Act of the General Assembly, passed in the year 1872, and an Act amendatory thereof, passed in the year 1873, from erecting a new Court-house at Wooten's Station, in said county, and to restrain them from selling or using the bonds of said county, to an amount exceeding $10,000 00, and also to restrain them from using and appropriating any money arising from the sale of said bonds, except for the removal of the Court-house from Starksville and the erection of the same at Wooten's Station, and for the erection of a safe and proper jail. On hearing the application and the defendant's answer to the bill, the presiding Judge refused to grant the injunction prayed for, whereupon the complainants excepted.

1. The first section of the Act of 1872 appointed the defendants commissioners, and made it their duty to select some eligible place at or near Wooten's Station, in said county, upon which shall be located the public buildings of said county. By the second section of said Act, the defendants, as commissioners aforesaid, were empowered to remove or sell the public buildings in the town of Starksville in said county, and to cause to be erected at the new site selected by them a suitable Court-house and jail, and such other buildings as may be deemed necessary for the use of said county, and to make temporary arrangements for the holding of Courts, keeping the public records, documents and offices at such new site, and to do and perform all other acts and deeds necessary to accomplish the purposes aforesaid. The fourth section of the Act provides that the Ordinary of said county should levy and cause to be collected and paid over to said commissioners, when requested by them, a tax not exceeding fifty per centum, on the State tax for the years 1871 and 1872, to enable them to perform the duties required of them by the second section of the Act. By the amendatory Act of 1873, the commis-

sioners to remove the Court-house in the county of Lee, were authorized and required to issue bonds of the said county for the purpose of building a new Court-house and jail for said county, and the Ordinary of said county was authorized and required to levy and have collected, from year to year, an extraordinary tax to meet the interest and to take up said bonds as they may become due. One of the grounds of complaint is that the commissioners having removed the old Court-house from Starksville to the new site, there is no necessity for building another. The defendants reply that this was done merely as a temporary arrangement for the holding of the Courts, under the provisions of the Act of 1872, until a new and suitable Court-house could be built. The Act conferred upon the commissioners a large discretion in this respect, and authorized them to do as they might deem best for the interest of the county; they were clothed with the power and authority to act for the county and not the complainants.

2. Another objection is, that the Acts of 1872 and 1873 are void because they refer to more than one subject matter, and contained matter different from what is expressed in the titles thereof. The subject matter of the Act of 1873 is to authorize the counties of Butts and Lee to issue bonds for the erection of public buildings in the respective counties. The two Acts in relation to the county of Lee should be construed together as one Act. The subject matter of both Acts is the removal of the county site of Lee county, and to provide for the erection of the public buildings at the new county site, and to provide for the payment of the cost of such removal by the county. The removal of the county site of Lee county, and providing the mode of paying the cost of such removal incident to the erection of the public buildings at the new site, cannot fairly be said to be more than one subject matter, as contemplated by the Constitution, and that is all the original and amendatory Act contemplates. Nor does the original and amendatory Act, which provides for the removal of the county site of Lee county, when it provides the means of pay-

Allen *et al. vs.* Tison *et al.*

ing the cost by the county of the erection ·of the public buildings at the new site incident to such removal, contain matter different from what is expressed in the title thereof, as contemplated by the Constitution.   The removal of the county site of Lee county, and providing for the payment by the county of the cost incident to such removal, relates to the same matter.   It is also objected that it is not competent under the Constitution for the General Assembly to confer the authority on the commissioners to tax the citizens of Lee county; that the duty of imposing taxes must be conferred on the regular constituted authorities of the county.   If we concede this to be so, still, the amendatory Act of 1873, which provides for the issuing of bonds by the county of Lee to build a new Court-house and jail at the new county site of said county, confers the unqualified power and authority on the Ordinary of Lee county, and he is expressly required to levy and have collected from year to year, an extraordinary tax to meet the interest and to take up said bonds as they may become due. If the original Act was objectionable as to the tax being levied by the Ordinary on the requisition of the commissioners, the amended Act cures it.   In view of the facts of this case, as disclosed in the record, we find no error in the refusal of the Court to grant the injunction.

Let the judgment of the Court below be affirmed.

McCay, Judge, concurring.

1. Under the title of the Act of August 20, 1872, to-wit: " An Act for the removal of the county site of Lee county, and to compensate the owners of real estate at Starksville and for other purposes," it was competent for the Legislature to authorize the county site to be moved, to appoint commissioners to select a site, to authorize them to procure land, to lay off and sell lots, to build a Court-house, etc., etc., and also to provide for levying a tax to pay for the same.

2. An Act to require the Ordinary of the county to levy a tax to meet the expenses of moving the county site, when requested to do so by commissioners appointed in the Act to su-

Vol. l. 25.

perintend and carry out the removal, is not in violation of the Article XXVII. of the bill of rights, authorizing the General Assembly to confer the taxing power on the " county authorities." Such commissioners are county authorities within the meaning of the Constitution.

3. According to the answer of the defendants the injunction was properly refused. The house built is in no fair sense the Court-house contemplated either by the Act or by the commissioners.

4. Whether the Act of February 21st, 1873, authorizing the commissioners of Lee and the Ordinary of Butts to issue bonds to build a Court-house in their several counties, is not an Act containing two subject matters. Quere?

5. As the bonds authorized by the Act have, as appears, been issued and negotiated and much of the money raised already expended, the injunction was properly refused whether the Act was constitutional or not.