## 10628. BAILEY v. MILLER COUNTY.

STEPHENS, J. 1. It is within the legitimate powers of a county to rent a farm for the purposes of maintaining and working paupers chargeable against the county, and to furnish live stock and food products necessary to maintain such farm and carry out such purposes. Civil Code (1910), § 542.

2. Where a county, in the exercise of such powers and for such purposes, and acting through the proper authorities, obtains possession of land, with crops growing thereon belonging to another, under a contract of purchase which is void for the reason that it is an attempt to create a debt beyond the constitutional power of the county, the county is nevertheless liable to the owner of the land for its rental value for the time during which the land was actually occupied and used by the county, and for the value of the crops thereon consumed for the maintenance of such farm and the live stock of the county necessary for the purposes above mentioned or other legitimate county purposes. *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801, 807 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244); *Harris County* v. *Brady*, 115 *Ga.* 767 (1) (42 S. E. 71).

3. The petition shows, that, under a resolution of the board of county commissioners authorizing the purchase of a "farm for the paupers of said county and to furnish food products to the convicts of said county as well as the live stock used in building roads in said county," the County of Miller purchased from petitioner certain land "to be used as a county farm," and went into possession of the same, placing thereon a caretaker and a large number of cattle and hogs which consumed the crops on the place which had belonged to the petitioner. A "county farm" purchased under a resolution authorizing its purchase for a legitimate county purpose is presumably purchased for such purpose; and the maintenance of the live stock by a county is presumably for a legitimate county purpose. The petition as amended set out a cause of action against the county, and the trial judge erred in sustaining the general demurrer thereto.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 7, 1920.

Complaint; from Miller superior court—Judge Worrill. April 30, 1919.

*N. L. Stapleton*, for plaintiff. *P. D. Rich*, for defendant.