## WASHINGTON SUBURBAN SANITARY COMMISSION v. MAGRUDER.

(Court of Appeals of District of Columbia. Submitted February 4, 1926. Decided May 3, 1926.)

No. 4387.

Health ⬅18—Sanitary Commission, created by Maryland statute, held public corporation, not liable for torts (Laws 1918, c. 122).

Washington Suburban Sanitary Commission, created by Laws Md. 1918, c. 122, *held* a public corporation, not liable for personal injuries; no funds for payment of damages or means of procuring them having been provided.

Appeal from the Supreme Court of the District of Columbia.

Action by Margaret G. Magruder against the Washington Suburban Sanitary Commission. From an order striking out pleas of defendant, it prosecutes special appeal. Order reversed and remanded.

C. W. Clagett, of Washington, D. C., for appellant.

F. B. Rhodes, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a special appeal from an order in the Supreme Court of the District of Columbia striking out the pleas of appellant, defendant below, in an action for damages for personal injuries.

The appellee, Margaret G. Magruder, plaintiff below, alleged that she was injured on a sidewalk in Woodside, Montgomery county, Md., through the negligence of the defendant in constructing and laying a sewer in that place. Defendant filed a motion to quash the service, challenging the jurisdiction of the court. This motion was overruled, without prejudice to the defendant to file pleas. Thereupon defendant filed three pleas, in the third of which the allegation is made that it is a public service corporation of the state of Maryland and a governmental agency thereof, created by chapter 122 of the Laws of Maryland of 1918 to perform on its behalf the function of constructing and furnishing water mains and sewers and supplying water for the inhabitants of the state within the Washington suburban sanitary district, a political subdivision of the state lying entirely within its boundaries; that defendant was engaged at the time and place in constructing a sewer as a public corporation of the state of Maryland, and as a governmental agency of that state. From the court's action in overruling these pleas, this special appeal was allowed.

It will be necessary to consider only the third plea, which raises the question whether the defendant may be held liable in damages on account of the injury stated in the declaration. To determine that question, we must look to the law and judicial decisions of the state of Maryland. By chapter 122, p. 248, of the Laws of Maryland of 1918, there was created and incorporated a sanitary district within the counties of Montgomery and Prince George's, in that state, contiguous to the District of Columbia. This district, by section 2, was placed under the jurisdiction of a commission of three members, one to be appointed by the county commissioners of Montgomery county, one by the county commissioners of Prince George's county, both upon the recommendation of the state board of health of Maryland, and the third to be named by the Governor of Maryland. Section 3 provided, inter alia, that this commission should be a body corporate under the name of the "Washington Suburban Sanitary

Commission," should have "the right to use a common seal, to sue and be sued, and to do any and all other corporate acts for the purpose of carrying out the provisions of this act." Section 4 directed the commission to divide the territory within the sanitary district into water, sewerage, and drainage districts. To provide funds "for the design, construction, establishment, purchase or condemnation of the water supply, sewerage and drainage systems in the sanitary district," the commission was authorized and empowered, under section 5, to issue bonds, which the county commissioners of Montgomery and Prince George's counties were required to indorse.

It thus appears that no funds were provided by the act under review for any purpose other than the expense of constructing or acquiring the systems mentioned, the payment of interest on the bonds and their retirement, and the payment of the salaries of the commission and its employees. In other words, special provision is made for the distribution of all the funds of the commission for the particular purposes indicated. The commission is clothed with no power to raise money for the purpose of paying damages.

The construction and maintenance of sewers is so clearly in the public interest that the grant to a municipality of general power to make local improvements has been held to include the right to construct drains and sewers, and in many jurisdictions it is held that a municipal corporation has power to construct sewers, without any express authorization whatever, on the theory that their construction is essential to the hygiene and sanitation of the municipality. Americus v. Eldridge, 64 Ga. 524, 37 Am. Rep. 89; Ft. Wayne v. Coombs, 107 Ind. 75, 7 N. E. 743, 57 Am. Rep. 82. In the present case we are dealing with express statutory provisions authorizing the construction of a sewerage system which will accommodate a substantial number of the public, and this meets the requirements of public use. Southworth v. Mayor of Glasgow, 232 Mo. 108, 132 S. W. 1168, Ann. Cas. 1912B, 1267; Sisson v. Buena Vista County, 128 Iowa, 442, 104 N. W. 454, 70 L. R. A. 440; Kingman, Petitioner, 153 Mass. 566, 27 N. E. 778, 12 L. R. A. 417; State v. Polk County, 87 Minn. 325, 92 N. W. 216, 60 L. R. A. 161.

We will now briefly review the decisions of the Court of Appeals of Maryland bearing upon the precise question involved. In Weddle v. School Commissioners, 94 Md. 334, 51 A. 289, where the defendants had been clothed with substantially the same powers as here

involved, it was ruled that no right of action had been created by the statute. The court held that a similar action was not maintainable, since defendants, under the statute, were liable to suit for only such things as they were empowered to do, and had no funds to pay damages for tort; all funds having been appropriated by law to specific purposes.

State v. Rich, 126 Md. 643, 95 A. 956, involved a tort action against the state road commission, which was clothed with powers similar to those here under review. The court held that it was distinctly a governmental agency, and that the omission of the Legislature to provide means for satisfying claims in actions for tort indicated a purpose that such responsibility should not exist, that the commission could not rightfully apply any of the funds in its hands to the payment of such claims, and that under the Weddle Case no right of action existed. The court distinguished County Commissioners of Anne Arundel County v. Duckett, 20 Md. 468, 83 Am. Dec. 557, relied upon by appellant here, by pointing out that the statute there involved authorized the raising of money by taxation, and thus made possible the payment of damages.

Nor is this rule peculiar to the state of Maryland. See Minear v. State Board of Agriculture, 259 Ill. 549, 102 N. E. 1082, Ann. Cas. 1914B, 1290; Maia's Adm'r v. Eastern Hospital, 97 Va. 507, 34 S. E. 617, 47 L. R. A. 577.

It is apparent, therefore, that this action is' not maintainable, and that the order appealed from must be reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.