## PERRY *v.* BANK OF ELLIJAY.

No. 10953. April 15, 1936. Rehearing denied July 23, 1936.

*Jesse M. Sellers, Allison S. Prince,* and *Smith, Smith & Bloodworth,* for plaintiff.

*A. H. Burtz* and *John S. Wood,* for defendant.

PER CURIAM. The court did not err in sustaining the general demurrer to the petition and dismissing the action. Applying the general rule that the allegations of the petition are to be construed most strictly against the pleader, the petitioner failed to state a cause of action when the petition is considered as a whole. The only prayer is that the depository, the county treasurer, be required to set up a certain sum of money as a credit in favor of Gilmer County. It does not appear from any allegation of the petition that a defect of legal justice would result by the failure of the court to compel the making of this entry. All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights. Code of 1933, § 64-101. A petitioner is not required to anticipate a defense; but if anticipated, such defense should be negatived. If the petition had alleged that $198,000 was received by the bank as county funds, and stopped, it might be inferred that the bank owed the county that much money still; but when it goes further and alleges, as in paragraph 10, that sums of money have been paid for the county's benefit so as to discharge pro tanto the liability of the bank as treasurer, and does not say how much has been so applied for the benefit of the county, it fails to negative the defense previously anticipated in the petition, and does not show that any sum is actually due by the bank to the county. The petition does not show that the plaintiff or the county will lose any money if the entry setting up the $198,-404.26 on the books of the bank is not made. The petitioner is not seeking to compel the bank to pay over money. He is attempting to compel the bank to make a book entry.

There was suggested in the petition a defense, and petitioner ought to have negatived that defense by showing that the credit to which the county is entitled had not been exhausted by paying it out. If the bank paid out for the county's benefit all that came in, they do not owe the county anything. From the allegations of paragraph 10 of the petition it does not appear whether the bank

paid out more or less than $198,000 for the benefit of the county, so it cannot be said that the bank actually owes the county any sum of money; and therefore there would be no defect of legal justice by the failure of the bank to make a book entry, even if in any case a failure to make a mere book entry could be the basis for a writ of mandamus. The petition by necessary implication showed that sums of money in amount not specified had been paid out for the use and benefit of the county, and the plaintiff thus anticipated a defense; and since he mentions it, he should go further and negative it by showing that the amounts which were paid for the benefit of the county were less than $198,000, thus alleging a liability for which the treasurer should give the county credit. *Smith* v. *Hodgson,* 129 *Ga.* 494 (2) (59 S. E. 272); *Davis* v. *Arthur,* 139 *Ga.* 74 (4) (76 S. E. 676).

It is not alleged that there is any collusion between the defendant and the county commissioner, or that the latter will not perform his duty and seek to enforce any claim which the county has against the bank as treasurer. The presumption is, that, being a sworn officer, he will perform his duty, and if there is a liability he will take steps to enforce it. In view of the fact that the plaintiff does not negative the defense anticipated, it would seem he does not show that there would be a defect of legal justice by the failure of the court to compel the bank to make a book entry. This case is different from *Aaron* v. *German,* 114 *Ga.* 587 (40 S. E. 713), because here the plaintiff is seeking only to have a book entry made. In the case cited the parties were not dealing with paper and entries, but were dealing with actual cash money; and the treasurer was seeking an accounting and a mandamus to compel an officer to deliver to him money, and not to write something on a piece of paper.

*Judgment affirmed. All the Justices concur.*