### 21047. TIMBS v. STRAUB *et al.*

QUILLIAN, Justice. 1. Citizens and taxpayers of a county have such an interest in county property as will authorize them to seek to prevent an illegal disposition thereof; and, in their efforts to do so, they may enlist the aid of equity to enjoin any such attempted disposition and to cancel deeds to and contracts of sale of county property by which such an illegal disposition of such property is sought to be effectuated. *Malcolm v. Webb,* 211 Ga. 450, 455 (3) (86 S. E. 2d 489); *Morris v. City Council of Augusta,* 201 Ga. 666, 669 (40 S. E. 2d 710); *Barge v. Camp,* 209 Ga. 38, 43 (1) (70 S. E. 2d 360).

2. Where, following a judgment of condemnation, decreeing title to certain described land to be in the condemnor, State Highway Department of Georgia, upon payment of the appraised value of $4,500, the condemnor pays such sum into the registry of the court and enters its appeal to a jury, a citizen taxpayer "may file appropriate pleadings or inter-

vention," and "come in and be heard on any claim to the fund or to any interest therein." *Code* § 36-1113; and see in this connection *Martin v. Fulton County,* 213 Ga. 761, 764 (101 S. E. 2d 716).

3. .Where a citizen taxpayer of DeKalb County, under circumstances as indicated in the preceding division, files pleadings denominated.an "intervention," seeking to enjoin disbursement of the funds derived from the condemnation proceeding pending a determination of his claims; to have all such funds derived from the condemnation in excess of $1,750 paid over to the Treasury of DeKalb County; and to cancel a deed to certain described .lands, inclusive of the land condemned, from DeKalb County to the condemnee, Paul D. Timbs, upon the grounds. that the attempted conveyance was untra vires the authority of the Commissioner of Roads and Revenues of DeKalb County, that the property sought to be conveyed had been dedicated to the use of the public as a public park; that the property is not unserviceable to the county, and has not been abandoned; and that the consideration of $1,750 for the conveyance is so grossly inadequate as to constitute gross mismanagement, flagrant waste in dealing with county property, and legal fraud in violation of the requirements of faithfulness to a public trust; and that the preference of Timbs' bid over that of higher bids obtainable was arbitrary, unreasonable, abusive of discretion, and ultra vires the authority of the commissioner, when the commissioner knew that he was not obtaining the best price for the property, which was reasonably worth $8,500,. such pleadings, under .a proper construction as against general demurrer, fail to allege facts sufficient to authorize a cancellation of the deed (as is illustrated .and substantiated by the succeeding division of the syllabus), and such cancellation being a condition precedent to the citizen taxpayer's claim or interest in the condemnation funds, the trial court erred in overruling the condemnee's general demurrer and in refusing to dismiss the citizen taxpayer's petition as amended.

4. While the Commissioner of. Roads and Revenues of DeKalb County is a public officer occupying a fiduciary relationship requiring him to exercise the utmost good faith, fidelity, and integrity in dealing with county property as a trustee and servant of the people (*Dorsett v. Garrard,* 85. Ga. 734, 737,

11 S. E. 768), which he may not sell without legislative sanction unless its use shall have been abandoned by or become unserviceable to the county (*Code* §§ 91-602, 91-804; *Harper v. City Council of Augusta*, 212 Ga. 605, 608, 94 S. E. 2d 690, and citations); and if county property be sold by him, he shall obtain the most advantageous price (*Malcolm v. Webb*, 209 Ga. 450, 458, supra; *Collier v. Mayflower Apartments*, 196 Ga. 419, 26 S. E. 2d 731, and citations); being such public officer, every presumption in favor of the validity and legality of his official acts, both ministerial and governmental, will be indulged, nothing to the contrary otherwise appearing (*Perry v. Bank of Ellijay*, 182 Ga. 768, 187 S. E. 18; *Bailey v. Miller County*, 24 Ga. App. 746, 102 S. E. 178); and, where, at the time of the sale and conveyance of the land on December 12, 1956, there were in full force and effect statutes (Ga. L. 1956, pp. 22-24, 606-607; *Code Ann.* §§ 68-613—69-616) authorizing the sale of county lands dedicated to recreational and park purposes without regard to their abandonment or serviceability for such purposes, upon compliance with the statutory requirements as to advertisement of the property and as to sale to the highest bidder— it will be presumed that the sale and conveyance of the county lands were made pursuant to such statutory provisions and not by private sale.

5. Where, under the circumstances indicated in the two preceding divisions, the citizen taxpayer, in his pleadings as amended, alleged a failure of the Commissioner of Roads and Revenues to comply with the provisions of *Code Ann.* § 69-615, but such allegation was stricken on special demurrer, to which ruling no exception was taken, this court must treat the pleadings as though they never contained such allegation. *Strickland v. Strickland*, 213 Ga. 588 (100 S. E. 2d 460).

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 10, 1960—DECIDED NOVEMBER 10, 1960.

*Davis & Stringer, Noah J. Stone,* for plaintiff in error.

*E. T. Hendon, Jr., George P. Dillard, J. C. Savage, Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, W. Dan Greer,* contra.