40506. VICKERS et al. v. MOTTE.

DECIDED APRIL 24, 1964.

*Leon A. Wilson, II, Braswell Dean, Jr.,* for plaintiffs in error.
*Barrie L. Jones,* contra.

PANNELL, Judge. As to public officers, every presumption in favor of the validity and legality of their official acts, both ministerial and governmental, will be indulged, nothing to the contrary appearing. *Perry v. Bank of Ellijay,* 182 Ga. 768 (187 SE 18) ; *Bailey v. Miller County,* 24 Ga. App. 746 (102 SE 178).

In the present case, there being no allegations to the contrary, we must presume that the county commissioners had the authority and right to fill in the lot owned by the county and that same was for the public good and for a lawful function. Therefore, defendant had the official and lawful authority to raise the elevation of said lot.

Further, in view of the law relating to the Board of Commissioners of Roads and Revenues in and for Bacon County (Ga. L. 1927, p. 488; Ga. L. 1950, p. 2672; Ga. L. 1951, p. 3183), which provides that they should have exclusive jurisdiction over and control all county matters, and that the chairman shall have charge of all labor necessary for effectual operation of all county machinery and which gives him authority to hire and discharge employees in county work, he necessarily has discretionary powers as to what work should be done, when, how and where necessary.

Public officers are vested with discretionary powers which, as to some officers such as judges, are termed judicial; as to others, quasi-judicial. In the exercise of these rights they are granted immunity from civil liability for mistakes in judgment honestly made. This immunity "extends to errors in the determination both of law and of fact." 22 R. C. L. 486.

It is the general rule that public officers, when acting in good faith and within the scope of their duty, are not liable to private action. This immunity is not extended to them when they do things not authorized by law, or act in a wanton or *malicious* way and with *intent to injure the property of another.* In the latter case, they are responsible for a violation of their duty. *McClellan v. Carter*, 30 Ga. App. 150, 151 (117 SE 118).

"The law is well settled that where public officials 'are acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen.' *City of Atlanta v. Holliday*, 96 Ga. 546. To the same effect, see *Hamrick v. Rouse*, 17 Ga. 56; *State v. Woody*, [17 Ga.] 612; *Semmes v. Columbus*, 19 Ga. 471; *Wells v. Atlanta*, 43 Ga. 67; *Allen v. Tison*, 50 Ga. 374; *Danielly v. Cabaniss*, 52 Ga. 212; *Mayor of Americus v. Eldridge*, 64 Ga. 524, 527; *Southern Mining Co. v. Lowe*, 105 Ga. 352, 356; *City of Atlanta v. Stein* [11 Ga. 789], supra." *Hudspeth v. Hall*, 113 Ga. 4, 7 (38 SE 358, 84 ASR 201).

"Where commissioners are appointed by an Act of the Legislature, for the purpose of selecting and laying off a county site, and a discretion is confided to them, in their judgment,

to select a point nearest to the centre of the county, having due regard to eligibility, &c.: *Held,* that if they proceed, in good faith, to select such site, no Court has a right to control the exercise of their judgment, unless they invade private rights." *State v. Woody,* 17 Ga. 612 (1).

"The power and duty to exercise judgment and discretion is not conferred alone on public officers who sit as judges. There are a large number of such officers whose duties lie wholly outside the domain of courts of justice. To distinguish them from judicial powers, such powers are termed quasi-judicial or discretionary, as they are said to lie midway between judicial and ministerial ones. The name of the officer or officers is immaterial, and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability. Mechem on Public Officers, 420, §§ 636, 638. For reasons of private interest and public policy a quasi-judicial officer cannot be called on to respond in damages to a private individual for the honest exercise of his judgment within his jurisdiction, however erroneous or misguided his judgment may be, 'for their authority is fixed by laws which those who deal with them are as much bound to know as are the officers themselves. Otherwise, not only would it be difficult to get responsible men to fill public office, but there would be constant temptation to yield officially to unlawful demands, lest private liability be asserted and enforced. But, although officers, they may not be rascals, and liability may arise for tortious conduct. In matters of ministerial duty they may even be liable for nonfeasance as well as misfeasance, for mistakes and neglects (11 Cyc. 410; Amy v. Supervisors, 11 Wall. 136, 20 LE 101); but in matters of judgment and discretion they are liable only if they act wilfully, corruptly, or maliciously (11 Cyc. 411).' Commercial Trust Co. v. Burch, 267 F 907, 909; *Tucker v. Shorter,* 17 Ga. 620; *Ghent v. Adams,* 2 Ga. 214, 216." *Price v. Owen,* 67 Ga. App. 58, 60-61 (19 SE2d 529).

"Where a statute provides that the superintendent of banks 'shall either personally or by one of the examiners visit and examine every bank subject to his supervision at least twice in

each year,' and shall annually make up a list 'of all the banks subject to his supervision,' and in another section of the same act the term 'bank' is defined to be any monied corporation authorized by law to do named acts, which shall include incorporated banks, savings banks, banking companies, trust companies and other corporations doing a banking business, and expressly excludes 'building and loan associations or similar associations or corporations,' said superintendent of banks cannot be held civilly liable for his erroneous judgment that he had no supervisory powers over a corporation, which under the powers granted to it by its charter, was a corporation similar to that of a building and loan association, although such corporation undertook and did carry on a general banking business, unless facts be alleged to show that his judgment was wilful, malicious, fraudulent, and corrupt." *Gormley v. State of Ga.*, 54 Ga. App. 843 (189 SE 288).

The statements of the rule in the cases seem to vary as to the specific elements necessary before a public official becomes liable for acts done colore officii. Some of the terms appear to be used as synonymous one with the other, and the word "and" and the word "or" seem to be used interchangeably. The allegations of the present petition, in like manner, vary from the decided cases. Whether the requirements of the cases are met by the petition depends to a great extent upon the interpretation and meaning of the term "bad faith" and the terms "heedlessly and in total and utter disregard of the property rights of" the plaintiff. An act done wilfully is not necessarily malicious. On the other hand an act may be malicious, not because of personal hate or ill will, but because of a state of mind which is reckless of law and of the legal rights of citizens. Evers-Jordan Furniture Co. v. Hartzog, 237 Ala. 407 (187 S 491).

In general a malicious act involves all that is usually understood by the term "wilful," and is further marked by either hatred or ill will or by such utter recklessness and disregard of the rights of others as denotes a corrupt or malevolent disposition. State v. Willing, 129 Iowa 72 (105 NW 355, 356).

"Bad faith" is not simply bad judgment or negligence, but it

imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will. Spiegel v. Beacon Participations, 297 Mass. 398 (8 NE2d 895).

"Bad faith", though an indefinite term, differs from the negative idea of negligence, in that it contemplates a state of mind affirmatively operating with a furtive design or some motive of interest or ill will. New Amsterdam Cas. Co. v. National Newark & Essex Banking Co., 117 N. J. Eq. 264 (175 A 609).

"Malice" is bad faith or bad motive. Potts v. Dies, 132 F2d 734, 735 (77 U. S. App. D. C. 92).

While the term "bad faith" may not always denote malicious intent to injure, the term should be construed within the context of the subject matter involved. We, therefore, reach the conclusion that the allegations of the petition sufficiently allege that the acts complained of were maliciously done with intent to injure the property of plaintiff. It follows that the trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*